IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV429-MU

| | | |
|---|---|---|
| CHRISTOPHER PHELPS & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| R. WAYNE GALLOWAY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

     This matter is before the court upon Plaintiff's Motion to Compel Discovery, For Leave to Take Further Discovery, and For Reimbursement of Costs, filed June 29, 2005. Plaintiff subsequently filed a Supplement to its motion July 6, 2005.

     The Plaintiff has represented to the court that the issues raised in its original motion of June 29, 2005, have now been resolved and are moot. The only remaining discovery dispute before the court is the issue of Defendant's failure to provide certain information as to his financial condition as requested by the Plaintiff. Plaintiff requested such information in response to an assertion by Defendant's counsel by letter dated March 9, 2005, that the financial burden caused by this litigation has forced Defendant to have to sell his house and move into a houseboat. Moreover, in Defendant's response to an Interrogatory propounded by the Plaintiff, Defendant stated that he has "been forced to sell his home, put much of his personal property in storage, take up residence on his houseboat, and take out a line of credit on his business." He also asserted that he had been forced to sell off certain business assets and lease part of his business property to a third party. Plaintiff argues that because Defendant has put his financial condition into issue, it is entitled to discovery on his personal financial information. Defendant has refused to provide such requested information, asserting that the requests are irrelevant and unduly burdensome. Defendant has represented that he is not seeking to recover any damages for any financial burden imposed by this lawsuit.

     It appears to the court that if Defendant intends to discuss these aforementioned "financial burdens" at trial, he needs to provide the financial information requested by the Plaintiff. However, if he does not intend to provide such information, the court will exclude any mention at trial by the Defendant of any financial hardship imposed by this litigation. Should Plaintiff fail to receive the requested financial information within ten days of the date of entry of this Order, the Plaintiff may file a Motion in Limine to exclude any evidence at trial of financial hardship as described herein.

     IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel, for Leave to Take Further Discovery, and for Reimbursement of Costs is hereby DENIED.

**Signed: July 27, 2005**

Graham C. Mullen
Chief United States District Judge