IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03cv429-MU

| | | |
|---|---|---|
| CHRISTOPHER PHELPS & ASSOCIATES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| R. WAYNE GALLOWAY, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon Defendant's Motion for an Award of Costs and Attorneys' Fees and for Leave to File a Fee Petition.

This case went before a jury on September 15, 2005, who returned a verdict in the Plaintiff's favor on the issue of copyright infringement, and awarding compensatory damages to the Plaintiff in the amount of $20,000, but finding that there were no "profits" to be disgorged by the Defendant Galloway. The jury denied all of Galloway's affirmative defenses, except for two, which the court dismissed pursuant to Rule 50. The court subsequently denied the Plaintiff's motion for injunctive relief. Galloway seeks this award of costs and fees, arguing that he is the "prevailing party" in this action on the principal contested issues in this case, that of profits and injunctive relief.

The Copyright Act provides that the court, in its discretion, may award costs and reasonable attorneys' fees to the prevailing party. 17 U.S.C. §505. While Plaintiff CPA received substantially less than it sought in this case, it is still the "prevailing party," not Galloway.[1] The

---

[1] CPA, however, is precluded from obtaining costs and fees as the prevailing party because it did not apply for or obtain its copyright registration until long after Galloway

Supreme Court has defined a prevailing party as "a party in whose favor a judgment is entered, regardless of the amount of damages awarded." Buckhannon Board and Care Home v. West Virginia Dept. Of Health and Human Svs., 121 S.Ct. 1835, 1839 (2001). The Buckhannon Court noted that its ruling was consistent with its earlier decision in Farrar v. Hobby, 113 S.Ct. 566 (1992) in which the Court held that even a judgment for nominal damages establishes the plaintiff as the prevailing party. Buckhannon, 121 S.Ct. at 1840. The Fourth Circuit has followed these holdings in several cases. In Dennis v. Columbia Colleleton Medical Center, Inc., 290 F.3d 639 (4th Cir. 2002), the plaintiff obtained a judgment for $25,000 in compensatory damages, but lost on the bulk of her claims. The court ruled that even this "extremely limited success" made her the prevailing party under Farrar and Buckhannon. 290 F.3d at 652-53. In Mercer v. Duke University, 401 F.3d 199 (4th Cir. 2005), despite the fact that the plaintiff recovered only a nominal damages award of $1, and lost on her claims for punitive damages, the court ruled that she was the prevailing party, citing Farrar. See also G. Ex rel. Ssgt RG v. Fort Bragg Dependent Schools, 343 F.3d 295, 310 (4th Cir. 2003) (Buckhannon makes plaintiff who recovers even nominal damages the prevailing party, notwithstanding lack of success on most claims). Galloway's attempts to distinguish these cases are without merit. Accordingly, under controlling Supreme Court and Fourth Circuit authority, CPA, not Galloway, is the prevailing party.

    IT IS THEREFORE ORDERED that Galloway's Motion for an Award of Costs and Attorneys Fees is hereby DENIED.

---

constructed the house according to the Bridgeford plans. See 17 U.S.C. §412.

**Signed: December 5, 2005**

Graham C. Mullen
Chief United States District Judge